UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs

RICARDO McHORNE,

    Defendant.

_____/

CASE NO: 00-6311-CR-HUCK
Magistrate Judge Garber

**MOTION FOR BOND**
Fla. Bar No: 209171



COMES NOW the Defendant, **RICARDO McHORNE**, by and through his undersigned counsel and petitions this Court for a bond pursuant to F.R.C.P. 46, and as grounds thereof states that:

The Defendant's full name is Ricardo McHorne, and he resides at 280 N.E. 156th Street, Miami, Florida, 33162.

The Defendant is a black male. He was born in Miami, Florida on August 27, 1960.

The Defendant attended grammar school in Miami and graduated from Northwestern High School in Miami.

NON-COMPLIANCE OF S.D. fla. L.R. 7/1/A4

LAW FIRM OF FRANK A. RUBINO, ESQ. P.A.
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FL 33133 • TEL. (305) 858-5300, FAX: (305) 858-3100

The Defendant is married to Shirley Ann McHorne and has been for the past nine (9) years.

The Defendant has four (4) children from a previous marriage, Rickie, age 18; Cory, age 14; Dominique, age 14; and Lawrence, age 13, whom he supports.

The Defendant's wife has one (1) daughter from a previous marriage, Dominique, age 13.

The Defendant's daughter Cory and step-daughter Dominique resides with the Defendant and his wife.

The Defendant owns his home located at 280 N.E. 156th Street, Miami, Florida, 33162. This home has a fair market value of $350,000.00 and is free and clear. The home was purchased with the proceeds of sale of a previous home as well as savings.

All of the Defendant's family and friends reside in the Miami area.

The Defendant has been employed with the International Longshoreman's Association as a supervisor for the past twenty (20) years and his annual income is approximately $98,000.00 a year.

The Defendant owns a 1999 Lexus, a 1993 Chevy Truck and a 2000 Ford Expedition which is financed through the Eastern Credit Union.

LAW FIRM OF FRANK A. RUBINO, ESQ. P.A.
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FL 33133 • TEL. (305) 858-5300, FAX: (305) 858-3100

The Defendant has a checking account at the Peoples Credit Union with an approximate balance of $1,500.00.

The Defendant has a savings account at the Peoples Credit Union with an approximate balance of $5,000.00.

The Defendant has credit cards from local department stores, as well as MasterCard and Visa cards.

The Defendant has filed income tax returns each and every year as so required.

The Defendant does not own a boat nor does he possess a boat captain's license.

The Defendant does not own a plane nor does he possess a pilots license.

The Defendant does not possess a passport nor has he ever applied for one.

The Defendant was charged in 1987 in the United States District Court for the Southern District of Florida (Honorable Jose Gonzalez) with conspiracy to possess with intent to distribute cocaine. He entered a plea of guilty to the charge and was sentenced to three years incarceration at the Federal Prison Camp in Pensacola, Florida. During the pendency of this case, the Defendant was released on bond. The Defendant remained at liberty after the plea, through sentencing, and was permitted to voluntarily surrender to the Federal Prison Camp. The Defendant was a model bond releasee and never violation any

3

condition of his bond. Upon release from custody in 1991, the Defendant had no further brushes with the law until this incident.

The Defendant has never sought to avoid prosecution and will readily appear at all Court proceedings as required.

The Defendant is in good health and of sound mind. He has never undergone psychiatric treatment or been in a mental institution.

The Defendant is not a threat to the community or to society.

The Defendant will not attempt to flee the jurisdiction of this Court, and will comply with each and every provision and condition of his release as set by the Court.

In support of application for reduction of bond, the Defendant relies on the Eighth Amendment of the United States Constitution, Rule 46 of the F.R.C.P., and the Federal Bail Reform Act, <u>18 USC, Section 3141-42</u>.

## PRE-TRIAL RELEASE

The Bail Reform Act of 1984, completely revises pre-trial and post-trial detention. A person charged with an offense will be (1) released on his personal recognizance or unsecured appearance bond; (2) released on conditions; (3) temporarily detained; or (4) detained after a hearing. Personal recognizance or unsecured appearance bond is appropriate unless the judge determines "such release will not reasonably assure appearance of the person

4

as required or will endanger the safety of any other person or the community." <u>Section 3142(b)</u>.

If personal recognizance or the appearance bond is not sufficient, the magistrate will resort to conditions of <u>Section 3142(c)</u>, mindful the pre-trial relief should not impose a financial condition that results in pre-trial detention, <u>Section 3142(c)(2)</u>. A mandatory condition is not to commit a federal, state, or local crime during the period of release, <u>Section 3142(c)(1)</u>. Other conditions of a <u>Section 3142©</u> release may require the person to remain in the custody of a designated person, maintain employment or education, limit travel, avoid contact with an alleged victim, report on a regular basis to a designated law enforcement agency or pre-trial services agency, comply with a curfew restriction, refrain from possessing a firearm or the excessive use of alcohol or narcotics, undergo medical or psychiatric treatment, return to custody for specific hours, or any other necessary condition. The conditions may include an agreement to forfeiture of property or money and the posting of the indicia of property or a percentage of the money required. The defendant may also be required to execute a bail bond with solvent sureties. The legislative history indicates that pre-trial release should not be dependent upon the wealth of the defendant. This provision is the most salutary feature, and courts are encouraged to make creative use of the conditions rather than setting unattainable bonds.

If the conditions of pre-trial release will not reasonably ensure the defendant's appearance and the safety of the community, the individual shall be ordered held until trial, <u>Section 3142(d)</u>. Rebuttable presumptions favoring detention exist if (1) a person committed a prior serious or violent felony while on pre-trial release within five (5) years, or (2) probable cause exists to believe that the person committed a Controlled Substances Act

5

(21 U.S.C. 801 et seq.) offense punishable by imprisonment of ten or more years or used or carried a firearm during a federal crime of violence (18 USC Section 924(c)).

The judicial officer, to detain the person until trial, must determine that no condition or combination of conditions will reasonably assure the safety of any other person in any other community, and these facts must be "supported by clear and convincing evidence."

The Federal Bail Reform Act, provides in mandatory terms, the factors courts are to consider in making determination as to bail:

1. Nature and circumstances of the offense charged.
2. Weight of evidence against the accused.
3. Accused's family ties.
4. Employment.
5. Financial resources.
6. Character and mental condition.
7. Length of his residency in the community.
8. Record of convictions.
9. Record of appearance at Court proceedings or flight to avoid prosecution.

The purpose of bail is to reasonably secure the defendants' presence at trial and that he will submit to the judgment of the Court, if convicted. Ex parte Miburn, 34 U.S. (9 Pet.) 704 (1835).

The Court in <u>Miburn</u> said:

> "A recognizance of bail in a criminal case, is taken to secure the due attendance of the party accused, to answer the indictment and to submit to a trial, and the judgment of the court thereon. It is not designed as a satisfaction for the offense, when it is forfeited and paid; but as a means of compelling the party to submit to the trial and punishment which the law ordains for the offense."

This rationale has been frequently reiterated in the following cases: <u>Cohen v. United States</u>, 82 S.Ct. 526, 7 L.Ed.2d 13 (1961); <u>Bandy v. United States</u>, 82 S.Ct. 11, 7 L.Ed.2d 9 (1961); <u>Reynolds v. United States</u>, 80 S.Ct. 30, 4 L.Ed.2d 46 (1959); <u>Stack v. Boyle</u>, 342 U.S. 1 (1951).

The Eighth Amendment, while not providing an absolute right to bail, does require that bail not be excessive. <u>Stack v. Boyle</u>, 342 U.S. 1 (1951).

In <u>United States v. Salerno</u>, 107 S.Ct. 2095 (1987), the Court advises that the government's proposed conditions of release or detention must not be "excessive" in light of the perceived evil. The government's interest must be compared against the response of the Defendant and bail set to ensure that interest of government is met.

A number of empirical studies suggest that the seriousness of the crime and the Defendant's prior criminal record are determinative factors in the majority of cases. <u>See</u>, <u>Schlesinger Bail Reform: Protecting the Community and the Accused</u>, 9 HarvJL & PubPolicy 173 (1986).

7

The nature of the crime, although serious, combined with other factors in the Defendant's favor can overcome the presumption and entitle the Defendant to pre-trial release. United States v. Hawkins, 636 F.Supp. 1462 (SDFL 1986); United States v. Leon, 766 F.2d 77, (2d Cir. 1985) and United States v. Miller, 625 F.Supp. 513 (DKAN 1985).

The many factors of the Bail Reform Act of 1984 must be considered and the "totality of the circumstances" surrounding the Defendant's charged crime be considered before pre-trial detention is ordered; (such as: the weight of the evidence, United States v. Cardenas, 784 F.2d 937 (9 Cir. 1986); a good track record while on bail in the past, United States v. Freitas, 602 F.Supp. 1283 (NDCAL 1985); dangerousness to community, United States v. Jones, 614 F.Supp. 96 (EDPA 1985); ties to the community, United States v. Knight, 636 F.Supp. 1462 (SDFL 1986). These cases discuss the aforementioned factor and how the courts looked at them in deciding upon bail.

In the case at bar, the Defendant has fulfilled all of the qualifications for release as required by the Bail Reform Act of 1984.

WHEREFORE, the Defendant, RICARDO McHORNE, prays that this Honorable Court will see fit to set a bond which he will be able to afford to post.

LAW FIRM OF FRANK A. RUBINO, ESQ. P.A.
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FL 33133 • TEL. (305) 858-5300, FAX: (305) 858-3100

Respectfully submitted,

FRANK A. RUBINO, ESQUIRE
Attorney for the Defendant.
2601 South Bayshore Drive
Suite 1400
Coconut Grove, FL 33133
(305) 858-5300
Fla. Bar No: 209171



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand delivered to Mike Dittoe, Assistant United States Attorney, 500 East Broward Blvd., Ft. Lauderdale, Florida, 33301, this 9th day of November, 2000.



FRANK A. RUBINO, ESQUIRE

MCHORNE 3/icm

LAW FIRM OF FRANK A. RUBINO, ESQ. P.A.
2601 SOUTH BAYSHORE DRIVE, SUITE 1400, COCONUT GROVE, FL 33133 • TEL. (305) 858-5300, FAX: (305) 858-3100