IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V ) | CASE NO. 00-6311-CR-HUCK |
| ) | |
| Ricardo McHORNE, et al., ) | |
| ) | |
| Defendant. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S MOTION FOR SEVERANCE
### AS THE INDICTMENT CONTAINS PREJUDICIAL JOINDER

COMES NOW the Defendant, Ricardo McHORNE, by and through undersigned counsel, and moves this Honorable Court for an Order severing the Defendant's counts and conspiracy from the additional conspiracies listed in the indictment.

Ricardo McHorne adopts and incorporates by reference, his motion to sever his trial from that of the co-defendants, and also moves to sever the counts in which he is charged, from the numerous other counts in the indictment, including the Racketeering charged in Counts Four or Five; Counts Six through Thirteen charging Laundering of Monetary Instruments which did not involve Defendant McHorne;' Counts 14 through 16 did not involve Defendant McHorne; the further

money laundering counts in 17 through 34 had no attachment to Defendant McHorne. The importation count in 35 had no connection to Defendant McHorne. The importation and possession counts in 37 through 43 did not involve the Defendant McHorne.

The conclusion is ineluctable that this indictment charges multiple conspiracies where indicted co-conspirators were involved in similar schemes or conduct, but there was no agreement among them. (See: United States v Sutherland, 656 F.2d 1181 at 1194 (5th Cir., 1981); also, United States v Bright, 630 F.2d 804 at 834 (5th Cir., 1980)(same)).

Federal Rules of Criminal Procedure, Rule 14, permits the trial court, in the exercise of its discretion, to grant separate trials when the interests of justice so require. There would be far too much prejudicial 'spill-over' here as the amount of charges being leveled at the alternate conspiracies would substantially prejudice Defendant McHorne in a joint trial. The failure to sever here would amount to a misjoinder.

As in any other conspiracy, the government must prove the existence of an "agreement on an overall objective" (See: United States v. Valera, 845 F.2d 923, 929 (11th Cir. 1988). Here Defendant McHorne did not even know the other participants. Sutherland, Id. at 1192-93; see also Valera, 845 F.2d at 929).

The Court is permitted, in its discretion under Fed.R.Crim.P. 14, to sever either defendants or counts in an effort to eliminate the prejudice caused by joinder. The indictment in this case contains a misjoinder in lumping the actions of Defendant McHorne with those Defendants of which he was unaware and made no agreement to participate with in to an overall objective. The case of Defendant McHorne should be severed from this indictment as the joinder of offenses and the extraneous Co-Defendants are extremely prejudicial.

We request a severance of these counts or the Defendants for trial, or in lieu thereof any other relief justice requires.

The undersigned counsel certifies that he has conferred with Assistant U.S. Attorney MICHAEL DITTO, opposing counsel, in a good faith effort to resolve by agreement the subject matter of this Motion.

Respectfully submitted,

_____
Guy Spiegelman, Esquire
Attorney for Defendant McHorne
28 West Flagler Street, Suite 400
Miami, Florida 33130
Telephone (305) 373-6634
Florida Bar Number 169689

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was mailed this February 12, 2001 to the following:

Michael Dittoe, AUSA
U. S. Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394

Reemberto Diaz, Esq.
1435 S. Miami Avenue
Miami, Florida 33130

Paul D. Lazarus, Esq.
800 Brickell Avenue
Suite PH2
Miami, Florida 33131

Martin R. Raskin, Esq.
Grove Forest Plaza
2937 S.W. 27th Aven., Ste. 206
Miami, Florida 33133-3703

James D. Henderson, Esq.
12121 Wilshire Boulevard
Suite 1120
Los Angeles, California 90022

Steve Kassner, Esq.
815 Ponce de Leon Blvd.
Suite 303
Coral Gables, Florida 33134

Donald I. Bierman, Esq.
800 Brickell Avenue
Penthouse 2
Miami, Florida 33131

Larry R. Handfield, Esq.
4770 Biscayne Boulevard
Suite 1200
Miami, Florida 33137

William Cone, Esquire
514 S. E. 7th Street
Ft. Lauderdale, Florida 33301

Bruce H. Lehr, Esquire
1401 Brickell Avenue
Suite 1040
Miami, Florida 33131

_____
Guy Spiegelman, Esquire
Attorney for Defendant, McHorne
Suite 400, 28 West Flagler Street
Miami, Florida 33130
Telephone (305) 373-6634
Florida Bar Number 169689