IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V | ) CASE NO. 00-6311-CR-HUCK |
| | ) |
| **Ricardo McHORNE, et al.,** | ) |
| | ) |
| Defendant. | ) |

*******************************

## DEFENDANT'S MOTION FOR SEVERANCE OF DEFENDANTS

COMES NOW the Defendant, Ricardo McHORNE, by and through undersigned counsel, and moves this Honorable Court for an Order severing the Defendant's conspiracy from the additional conspiracy and conspirators listed in the indictment.

Defendant McHorne is neither mentioned, nor involved in actions comprising a pattern of racketeering as charged in Count One. Defendant McHorne had no involvement in any importation scheme as is laid out in Count Two.

Defendant McHorne was not involved in the Racketeering charged in Counts Four or Five. Counts Six through Thirteen charging Laundering of

Monetary Instruments did not involve Defendant McHorne. Likewise Counts 14 through 16 did not involve Defendant McHorne. The further money laundering counts in 17 through 34 had no attachment to Defendant McHorne. The importation count in 35 had no connection to Defendant McHorne. The importation and possession counts in 37 through 43 did not involve the Defendant McHorne.

McHorne was not involved in the racketeering nor the importation ventures mentioned in this extensive and convoluted indictment, which appears to charge multiple conspiracies. When two or more defendants are involved in a joint indictment, the analysis of the joinder question proceeds under Fed.R.Crim.P. 8(b). (See: United States v. Alvarez, 860 F.2d 801, 823-24 (7th Cir. 1988); United States v. Moya-Gomez, 860 F.2d 706, 766 (7th Cir. 1988), cert. denied, 492 U.S. 908, 106 L. Ed. 2d 571, 109 S. Ct. 3221 (1989); United States v. Velasquez, 772 F.2d 1348, 1352-53 (7th Cir. 1985). "Rule 8(b) allows charging in the same indictment two or more offenders only 'if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.'" (Moya-Gomez, 860 F.2d at 766 (quoting Fed.R.Crim.P. 8(b)). Proper joinder of defendants, thus, "depends on the meaning of 'same series of acts or transactions.' The usual meaning is acts or transactions that are

pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are parts of a single conspiracy." (Velasquez, 772 F.2d at 1353 (citations omitted)).

An indictment charges multiple conspiracies, not a single conspiracy, where indicted co-conspirators are alleged to be involved in similar schemes or conduct, but there is no agreement among them. (See: United States v Sutherland, 656 F.2d 1181 at 1194 (5th Cir., 1981); also, United States v Bright, 630 F.2d 804 at 834 (5th Cir., 1980).

As in any other conspiracy, the government must prove the existence of an "agreement on an overall objective" (See: United States v. Valera, 845 F.2d 923, 929 (11th Cir. 1988). Here Defendant McHorne did not even know the other participants. It is not enough that the defendants were simply participating in the conduct of the same enterprise, or had knowledge of other criminal activity; the gravamen of any conspiracy, is that the defendant not only knows about the conspiracy, but also agrees to participate in it to accomplish an overall objective. (Sutherland, Id. at 1192-93; see also Valera, 845 F.2d at 929).

The indictment in this case misjoins defendants because it lumps McHorne in with others of whom he was unaware, and with whom he made no agreement to participate toward an overall objective. We request of this Honorable Court for

severance of this Defendant McHorne from the others included in this indictment which whom he had no involvement and of whom he has no knowledge.

The undersigned counsel certifies that he has conferred with Assistant U.S. Attorney MICHAEL DITTO, opposing counsel, in a good faith effort to resolve by agreement the subject matter of this Motion.

                              Respectfully submitted,

                              _____
                              Guy Spiegelman, Esquire
                              Attorney for Defendant McHorne
                              28 West Flagler Street, Suite 400
                              Miami, Florida 33130
                              Telephone (305) 373-6634
                              Florida Bar Number 169689

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was mailed this February 12, 2001 to the following:

Michael Dittoe, AUSA
U. S. Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394

Reemberto Diaz, Esq.
1435 S. Miami Avenue
Miami, Florida 33130

Paul D. Lazarus, Esq.
800 Brickell Avenue
Suite PH2
Miami, Florida 33131

Martin R. Raskin, Esq.
Grove Forest Plaza
2937 S.W. 27th Aven., Ste. 206
Miami, Florida 33133-3703

James D. Henderson, Esq.
12121 Wilshire Boulevard
Suite 1120
Los Angeles, California 90022

Steve Kassner, Esq.
815 Ponce de Leon Blvd.
Suite 303
Coral Gables, Florida 33134

Donald I. Bierman, Esq.
800 Brickell Avenue
Penthouse 2
Miami, Florida 33131

Larry R. Handfield, Esq.
4770 Biscayne Boulevard
Suite 1200
Miami, Florida 33137

William Cone, Esquire
514 S. E. 7th Street
Ft. Lauderdale, Florida 33301

Bruce H. Lehr, Esquire
1401 Brickell Avenue
Suite 1040
Miami, Florida 33131

_____
Guy Spiegelman, Esquire
Attorney for Defendant, McHorne
Suite 400, 28 West Flagler Street
Miami, Florida 33130
Telephone (305) 373-6634
Florida Bar Number 169689