IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V | ) CASE NO. 00-6311-CR-HUCK |
| | ) |
| Ricardo McHORNE, et al., | ) |
| | ) |
| Defendant. | ) |

*****************************

### DEFENDANT'S MOTION FOR REMOVAL
### OF PREJUDICIAL STATEMENT IN INDICTMENT

COMES NOW the Defendant, Ricardo McHORNE, by and through undersigned counsel, and moves this Honorable Court for an Order to delete the statement in the indictment, in three (3) areas, referring to the Defendant's previous conviction.

Rules of Evidence, in the Fed. R. Crim.P., 404(b), "(e)vidence of other crimes, wrongs, or acts is not admissible ...". The Government has placed in the indictment, three (3) separate times, the extraneous fact of the Defendant McHorne's prior conviction. We would respectfully request any reference to any prior conviction be stricken from every area it appears. (i.e.: Count 3, page 15, paragraph #6; Count 36, page 28; Money Laundering Forfeiture Section, page 36, paragraph #1).

The Supreme Court clearly stated in <u>Apprendi v New Jersey</u>, 147 L.Ed. 2d 435 (2000), that all 'elements of the offense' must be charged in the indictment and ruled on by a jury. However, the High Court made it clear that this was not the case regarding

prior offenses.

> HELD: The Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, <u>other than the fact of a prior conviction</u>, must be submitted to a jury and proved beyond a reasonable doubt. (emphasis supplied).

The Supreme Court has ruled that prior convictions are not 'elements of the offense' and it is not required that the Government charge a prior conviction in the indictment, moreover, Fed. R. Crim. P. 404(b) does not allow the Government to taint the Defendant's character by evidencing a prior bad act.

We respectfully request of this Honorable Court that these references be stricken from the indictment as they serve no purpose, other than an inappropriately inflammatory one.

The undersigned counsel certifies that he has conferred with Assistant U.S. Attorney MICHAEL DITTO, opposing counsel, in a good faith effort to resolve by agreement the subject matter of this Motion.

Respectfully submitted,

_____
Guy Spiegelman, Esquire
Attorney for Defendant McHorne
28 West Flagler Street, Suite 400
Miami, Florida 33130
Telephone (305) 373-6634
Florida Bar Number 169689

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was mailed this February 12, 2001 to the following:

Michael Dittoe, AUSA
U. S. Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394

Reemberto Diaz, Esq.
1435 S. Miami Avenue
Miami, Florida 33130

Paul D. Lazarus, Esq.
800 Brickell Avenue
Suite PH2
Miami, Florida 33131

Martin R. Raskin, Esq.
Grove Forest Plaza
2937 S.W. 27th Aven., Ste. 206
Miami, Florida 33133-3703

James D. Henderson, Esq.
12121 Wilshire Boulevard
Suite 1120
Los Angeles, California 90022

Steve Kassner, Esq.
815 Ponce de Leon Blvd.
Suite 303
Coral Gables, Florida 33134

Donald I. Bierman, Esq.
800 Brickell Avenue
Penthouse 2
Miami, Florida 33131

Larry R. Handfield, Esq.
4770 Biscayne Boulevard
Suite 1200
Miami, Florida 33137

William Cone, Esquire
514 S. E. 7th Street
Ft. Lauderdale, Florida 33301

Bruce H. Lehr, Esquire
1401 Brickell Avenue
Suite 1040
Miami, Florida 33131

_____
Guy Spiegelman, Esquire
Attorney for Defendant, McHorne
Suite 400, 28 West Flagler Street
Miami, Florida 33130
Telephone (305) 373-6634
Florida Bar Number 169689