UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK



UNITED STATES OF AMERICA,

    Plaintiff,

VS.

CLARENCE LARK, Et Al.

    Defendants
_____/

<u>GOVERNMENT'S RESPONSE TO MOTIONS TO EXCLUDE SIMILAR ACT EVIDENCE</u>

    I <u>Introduction</u>

    Comes now the Unites States and hereby files it response to the motions to exclude evidence of similar criminal acts filed by Defendants Hall and McHorne.

    The defendants are charged with participating in a massive conspiracy to distribute controlled substances. These illegal substances were smuggled into the United States through Port Everglades under the protection of Teamsters Local 390 President Clarence Lark. The indictment alleges that the conspiracy was formed in or about 1988 and continued thereafter until the return of the indictment on October 31, 2000.

    In order to establish the intent and motive of the



defendants Hall, Mchorne and Newton[1] the United States intends to introduce evidence that all three defendants engaged in other drug transactions close in time to the charged conspiracy. This evidence includes the conviction of Hall in 1985 in the Broward County Circuit Court for trafficking in Cannabis and the conviction of McHorne in 1989 in this Court for conspiracy to possess cocaine with the intent to distribute. In addition, the United States intends to offer, through the testimony of now government witness Rodney Jackson[2], evidence that McHorne participated with Rodney Jackson in a series of narcotics importations and attempted importations in 1991-1994.

Under well established legal precedent, all the aforementioned evidence is admissible under Federal Rule of Evidence 404(b) in order to establish the intent and the motive of the defendants to commit the charged offenses.[3] However, the

---

[1] Newton has not filed a motion to exclude this evidence, which as noted in the government's discovery response consists of evidence that he participated in narcotics transaction with Rodney Jackson, who is now a government witness. Rodney Jackson is not related to Willie Jackson.

[2] Rodney Jackson is not related to Willie Jackson, who was the primary drug smuggler involved in the charged conspiracy.

[3] In addition, the evidence of McHorne's participation with Rodney Jackson in the importation and attempted importation of narcotics is admissible under the inextricably intertwined doctrine as direct evidence of the defendants's guilt in the charged conspiracy because this conduct occurred during the time period covered by the conspiracy charge. It is well settled that evidence of a defendant's possession of a substantial quantity of cocaine, on a date within the time frame of a charged conspiracy,

2

United States will not refer to this evidence in its opening statement. Therefore, the Court may consider the admissibility of the evidence as it arises during the government's presentation of its case-in-chief.

II **Evidence of Similar Acts is Admissible**

It is well settled that similar act evidence may be admitted in order to establish the intent and the motive of the defendant to commit the crimes charged in the indictment. The Eleventh Circuit has held that the admissibility of such evidence is governed by a three part test. First, the evidence must be relevant to an issue other than the defendant's character. Second, there must be sufficient proof that the defendant committed the act. Third, the evidence must survive the balancing test prescribed by Federal Rule of Evidence 403. United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992)(en banc); United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996).

In applying this standard to prosecutions under the federal narcotics law, the Eleventh Circuit has consistently held that a defendant's prior, or subsequent, drug trafficking offense will generally be admissible to prove that he or she acted with the

---

is admissible as being inextricably intertwined with the charged offense. United States v. McClean, 138 F.3d 1398, 1403-1404 (11th Cir. 1998); United States v. Wells, 995 F.2d 189, 191-92 911th Cir. 1993)(reversing decision of trial court to exclude evidence of defendant's possession of drugs during the scope of the charged conspiracy)

3

requisite intent in connection with the charged offense. Because the government has the heavy burden of proving intent, the balancing test under Rule 403 will also generally support the admissibility of prior and subsequent drug dealings. <u>United States v. Zapata</u>, 139 F.3d 1355, 1358 (11tth Cir. 1998) (affirming the use of similar act evidence in a narcotics prosecution and ruling that "a defendant who enters a not guilty plea makes intent an issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue."); <u>United States v. Cardenas</u>, 895 F.2d 1338, 1340-1345 (11th Cir. 1990).

In addition, the prior drug offense is admissible even if the drug involved in the prior offense was different from the drug charged in the instant offense, as is the case with the defendant Hall. <u>United States v. Diaz-Lizaraza</u>, 981 F.2d 1216, 1224 (11th Cir. 1993)("We find that evidence of Diaz's 1988 arrest for possessing marijuana with the intent to distribute was relevant to the issue of his intent to conspire to possess and distribute cocaine in the present case.") Furthermore, although remoteness in time to the prior offense is a factor that the court should consider, a five year old drug conviction is probative of a defendant's state of mind in a drug conspiracy case. <u>United States v. Pollock</u>, 926 F.2d 1044, 1047-49 (11th Cir.

1991).

In applying these well settled principles to the similar act evidence in the instant case, it is clear that the evidence should be admitted. The charged drug conspiracy began in or about 1988, and the convictions of both Hall and McHorne for drug trafficking are close in time to the formation of the conspiracy. Moreover, the evidence in this case consists primarily of cooperating witnesses whose credibility concerning the intent of Hall and McHorne will be challenged by vigorous cross examination. Thus, the prior convictions of Hall and McHorne are highly probative of their intent to commit the charged offenses. Consequently, the prior drug activities of Hall and McHorne are admissible in order to establish their intent to engage in a narcotics conspiracy.

III Conclusion

The defendants motions for exclusion of similar act evidence is without merit and should be denied. However, the United States will agree not to mention the similar act evidence in its

opening statement and will inform the Court, outside the presence of the jury, before it intends to offer such evidence at trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: *[signature]*
MICHAEL J. DITTOE
Assistant United States Attorney
Court ID #A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

BY: *[signature]*
TERRENCE THOMPSON
Assistant United States Attorney
Court ID # A5500063
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 5TH day of March, 2001 to:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Ste. 303
Coral Gables, FL 33134

(305) 461-2744
Attorney for Lampkin

Bruce H. Lehr, Esq.
1401 Brickell Ave., Ste. 810
Miami, FL 33131

(305) 377-1777
Attorney for Seymour

Larry Hanfield, Esq.
4770 Biscayne Blvd., Ste. 1200
Miami, FL 33137

(305) 576-1011
Attorney for Hall

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Guy Speigelman, Esq.
28 W. Flagler St., Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHome

Reemberto Diaz, Esq.
1435 S. Miami Ave.
Miami, FL 33130

(305) 446-0001
Attorney for Hall

James D. Henderson, Esq.
12121 Wilshire Blvd., Ste. 1130
Los Angeles, CA 90025

(310) 478-3131
Attorney for Gallo

| | |
|---|---|
| Martin R. Raskin, Esq.<br>Grove Forest Plaza, Ste. 206<br>2937 S.W. 27 Ave.<br>Miami, FL 33133<br><br>(305) 444-3400<br>Attorney for Gallo | William J. Cone, Jr., Esq.<br>514 S.E. Seventh St.<br>Ft. Lauderdale, FL 33301<br><br>(954) 764-0570<br>Attorney for Newton |

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY