00-6311.og

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6311 CR HUCK

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JOHN GALLO, et al.,

      Defendants.

_____/



## ORDER DENYING MOTIONS FOR SEVERANCE

    This Cause is before the Court on Defendant Ricardo McHorne's Motion for Severance, as the Indictment Contains Prejudicial Joinder, filed February 12, 2001 (DE 144), Defendant Ricardo McHorne's Motion for Severance of Defendants, filed February 12, 2001 (DE 145), and Defendant John Gallo's Motion for Severance, filed February 9, 2001 (DE 156). This Court having reviewed the Motions and the Response, and being otherwise fully advised, the Court **FINDS** as follows:

### FACTS

    This case involves a forty three count indictment naming nine defendants. The Counts are as follows:

| Count(s) | Defendant(s) | Charge(s) |
|---|---|---|
| One | Clarence Lark<br>Larry Crenshaw | violations of the RICO Statute, 18 U.S.C. § 1962(d)[1] |

---

[1] The Count charges, <u>inter alia</u>, that Lark and Crenshaw used their positions as officers of Teamsters local 390 to facilitate the smuggling of narcotics through Port Everglades and their subsequent distribution in South Florida and elsewhere. The indictment alleges that the drugs were smuggled into the United States by Teamster Union member Willie Jackson and others, who were acting under the protection of Clarence Lark. Lark allegedly received bribe payments



| Two | Clarence Lark<br>Larry Crenshaw<br>William Garcia<br>Curtis Newton<br>John Gallo<br>Keith Lampkin<br>Lawrence Seymore | conspiracy to import narcotics into the United States through Port Everglades in violation of 21 U.S.C. §963. |
| --- | --- | --- |
| Three | Clarence Lark<br>Larry Crenshaw<br>William Garcia<br>Curtis Newton<br>John Gallo<br>Ricardo McHorne<br>Charlie Hall<br>Keith Lampkin<br>Lawrence Seymore | Conspiracy to distribute narcotics into the United States through Port Everglades in violation of 21 U.S.C. §846.[2] |
| Four | Clarence Lark<br>Larry Crenshaw | Conspiracy to commit money laundering and extortion in violation of 21 U.S.C. §§841, 846, 952, 963 and §836.05, Fla. Stat.[3] |

---

from Willie Jackson in exchange for Lark's protection and influence.  The indictment further alleges that Lark and Crenshaw used their positions in the Teamsters Union to extort money from union members who worked in the movie industry in order to allow those members to work.

[2]McHorne is charged with conspiring to distribute hundreds of kilograms of cocaine in South Florida and elsewhere.  (Count 3, ¶¶4-6, Manner and Means).  Gallo allegedly facilitated and promoted the sale of drugs by laundering the illegal proceeds of those sales through his pornography companies.

[3] The Count charges that defendants laundered drug proceeds through Star's Choice, a company controlled by Lark and Crenshaw that rented vehicles to the movie and television industry that used transportation equipment.

| | | |
|---|---|---|
| Five | John Gallo | conspiracy to commit money laundering in violation of 21 U.S.C. §§841, 846, 952, 963[4] |
| Six through Thirteen | Clarence Lark | money laundering in violation of 18 U.S.C. §§1956(a)(1)(A)(i) and (a)(1)(B)(i) and 18 U.S.C. §2. |
| Fourteen through Sixteen | Larry Crenshaw | money laundering in violation of 18 U.S.C. §§1957 and 2. |
| Seventeen through Thirty-four | John Gallo | money laundering in violation of 18 U.S.C. §§ §1956(a)(1)(A)(i) and (a)(1)(B)(i) and 18 U.S.C. §2. |
| Thirty-five | William Garcia | importation of cocaine in violation of 21 U.S.C. §952 and 18 U.S.C. §2 |
| Thirty-six | William Garcia Ricardo McHorne | possession with intent to distribute cocaine in violation of 21 U.S.C. §841 and 18 U.S.C. §2 |
| Thirty-seven | Keith Lampkin | importation of cocaine in violation of 21 U.S.C. §952 and 18 U.S.C. §2 |
| Thirty-eight | Charlie Hall Keith Lampkin | possession with intent to distribute cocaine in violation of 21 U.S.C. §841 and 18 U.S.C. §2 |
| Thirty-nine | Lawrence Seymore | use of communications facility in committing a felony in violation of 21 U.S.C. §843(b) and 18 U.S.C. §2. |
| Forty | William Garcia | importation of cocaine in violation of 21 U.S.C. §952 and 18 U.S.C. §2 |
| Forty-one | William Garcia | importation of cocaine in violation of 21 U.S.C. §952 and 18 U.S.C. §2 |
| Forty-two | Curtis Newton | importation of cocaine in violation of 21 U.S.C. §952 and 18 U.S.C. §2 |

---

[4] The indictment alleges that Defendant Gallo laundered drug funds through pornography companies. The companies were allegedly formed from drug proceeds generated by Willie Jackson, who was smuggling the drugs under the protection of Teamsters President Lark.

3

| Forty-three | Curtis Newton<br>Charlie Hall | possession with intent to distribute cocaine in violation of 21 U.S.C. §841 and 18 U.S.C. §2 |
| Forty-four | Clarence Lark<br>Larry Crenshaw | RICO forfeiture |
| Forty-five | Clarence Lark<br>John Gallo<br>Larry Crenshaw<br>Charlie Hall | narcotics forfeiture |

## DISCUSSION

### I. Joinder

The moving Defendants initially argue that their respective cases should be severed from the cases of their co-defendants, citing Fed.R.Crim.P. 8(b). That Rule provides, in pertinent part:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses.

The test of whether defendants are properly joined under Rule 8(b) is whether the acts described in the indictment are tied by a common thread to each other or the other participants. United States v. Saget, 991 F.2d 702, 707 (11th Cir. 1993).

The common thread which runs through the indictment is the drug distribution conspiracy alleged in Count 3, with which all of the defendants are charged. Part of the RICO Conspiracy alleged in Count 1 against Defendants Lark and Crenshaw concerned their use of their positions as officers of the Teamsters union to smuggle these narcotics into Port Everglades.[5] Count 2 charges

---

[5]Joinder of the RICO defendants with the non-RICO defendants is proper even through only two of the defendants are named in the RICO count. See United States v. Garcia, 848 F.2d 1324, 13332 (2d Cir. 1987), rev'd on other grounds, Gomez v. United States, 490 U.S. 858 (1989).

4

all defendants except McHorne and Hall with conspiracy to import the narcotics.[6]

In the money laundering counts, certain defendants are linked to each other by allegedly attempting to launder proceeds derived from the sale of the narcotics referenced in Count 3. The substantive drug charges are linked to Count 3 in that all defendants are charged with the conspiracy to distribute illegal narcotics.

This Court agrees that there is a common thread running through the charges in the indictment such that all defendants are properly joined under Rule 8(b). Defendants suggest that they were unaware of their co-conspirators, that they made no agreement to participate in a single, overall objective, and that the indictment alleges multiple conspiracies. However, the indictment sufficiently alleges in Count 3 that the Defendants agreed to participate in the single overall objective of distributing narcotics. Whether the Government will be able to prove that theory is not properly reviewed on a motion for severance.

## II.    Prejudice

Defendants additionally argue that they are entitled to a severance pursuant to Rule 14 of the Federal Rules of Civil Procedure, which provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant

---

[6]The Government states that defendants McHorne and Hall are not charged in this count because, although they distributed the imported narcotics, they did not personally participate in the actual importation of the drugs. Defendant Lampkin participated in the conspiracy by physically removing cocaine from Port Everglades (Count 2, Paragraph 12, Manner and Means section). Gallo allegedly participated in the conspiracy by laundering drug proceeds on behalf of members of the conspiracy for the purpose of promoting the success of the drug organization. Gallo, through the fee charged for his money laundering services, personally profited from the smuggling and subsequent sale of the narcotics.

a severance of defendants or provide whatever other relief justice requires...

Each of the Defendants argues that they will be unduly prejudice if they are tried with the other defendants, based on the amount of evidence against the other defendants, which they each allege would be disproportionate to that against them.

The Eleventh Circuit has stated that in general, persons charged together should be tried together, particularly in conspiracy cases.  Saget, 991 F.2d 702, 707.  Severance may be granted only where the defendants can demonstrate a specific, clear and compelling prejudice which could not be alleviated by the trial court and which will result in the defendant's inability to obtain a fair trial.  Id.; see also United States v. Varella, 692 F.2d 1352 (11th Cir. 1982); United States v. Kopituk, 690 F.2d 1289 (11th Cir. 1982).  A defendant is not entitled to a severance merely because the evidence against a co-defendant is greater or there may be some "overspill."  United States v. Capo, 693 F.2d 1330 (11th Cir. 1982).  Rather, the prejudice alleged must be compelling.  Id.

**A.    Defendant Gallo**

The Government responds to Defendant Gallo's argument by stating that Defendant Gallo's alleged money laundering activities through his various pornography companies founded with drug proceeds furthered the conspiracy by promoting the illegal distribution of drugs and hiding the source of the conspiracy's illegal income.  The Government states that in order to prove its case against Defendant Gallo, the underlying drug activity which generated this illegal source of funds must be presented, and therefore a separate trial for Defendant Gallo would be almost as long as a trial of all defendants.  Additionally, the Government argues that any possible unfair prejudice which might result can be cured by proper jury instructions.

The Court finds that Defendant Gallo has failed to show that he is entitled to a severance

6

based on prejudice.

### B.  Defendant McHorne

Defendant McHorne is charged in two counts of the indictment: the narcotics conspiracy alleged in Count 3, and possession with intent to distribute cocaine in Count 36. The Government further alleges that Defendant McHorne assisted in the distribution of the controlled substances. As such, the Government argues, Defendant McHorne is "similar to any mid-level defendant in a drug conspiracy. The Eleventh Circuit has stated that a "defendant does not suffer compelling prejudice simply because much of the evidence at trial is applicable only to codefendants." United States v. Freyre-Lazaro, 3 F.3d 1496, 1501 (11th Cir. 1993). The Court agrees that proper jury instructions will alleviate any possible prejudice from "spillover" evidence against the other defendants.

This Court finds that Defendants have failed to meet their burden of showing that they are entitled to severance from their co-defendants. Accordingly, it is **ORDERED AND ADJUDGED** Defendant Ricardo McHorne's Motion for Severance, as the Indictment Contains Prejudicial Joinder, filed February 12, 2001 (DE 144), Defendant Ricardo McHorne's Motion for Severance of Defendants, filed February 12, 2001 (DE 145), and Defendant John Gallo's Motion for Severance, filed February 9, 2001 (DE 156) are hereby **DENIED**.

**DONE AND ORDERED** this 21st day of March, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Paul C. Huck
       counsel on attached list

7

Michael Dittoe, Esq. (AUSA)
Paul D. Lazurus, Esq.
James D. Henderson, Esq.
Donald I. Bierman, Esq.
William Cone, Esq.
Reemberto Diaz, Esq.
Martin R. Raskin, Esq.
Steve Kassner, Esq.
Larry R. Handfield, Esq.
Bruce H. Lehr, Esq.
Guy Spiegelman, Esq.